UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
WENDELL TOWNSEND, SR.,

                      Petitioner,

-against-

CHARLES SCULLY,

                      Respondent.
------------------------------------------------------------X
FEUERSTEIN, J.

**OPINION & ORDER**
**95 Civ. 02590(SJF)**

In or about August 2002, petitioner Wendell Townsend, Sr. ("Petitioner") filed the instant petition ("Petition") seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254 ("§2254").[1] For the reasons stated herein, the Petition is denied.[2]

I.     Background

On or about October 8, 1986, Petitioner was convicted in the Supreme Court of the State of New York, Suffolk County (Rohl, J.) upon a jury verdict finding him guilty of two (2) counts of rape in the first degree, two (2) counts of rape in the second degree, eleven (11) counts of sexual abuse in the first degree, and one (1) count of attempted sodomy in the first degree. By Order dated March 13, 1989, the Supreme Court of the State of New York, Appellate Division,

---

[1] Although Petitioner filed the instant Petition *pro se*, the Court, by Order dated November 19, 2002, appointed Petitioner counsel.

[2] Also pending before the Court are several letter applications by Petitioner requesting copies of documents free of charge in connection with the instant motion. Because the Court denies the instant motion, Petitioner's remaining applications are denied as moot.

1

Second Judicial Department, "modified the judgment on the law and the facts, by reversing the conviction for sexual abuse in the first degree under the fifth count of the indictment, vacating the sentence imposed thereon and dismissing that count of the indictment," and affirmed the judgment as modified. People v. Townsend, 148 A.D.2d 558, 558, 539 N.Y.S.2d 32 (N.Y. App. Div. 1989). On July 12, 1989, the New York Court of Appeals denied leave to appeal the order of the Appellate Division. People v. Townsend, 74 N.Y.2d 748, 543 N.E.2d 766, 545 N.Y.S.2d 123 (1989).

On June 26, 1995, Petitioner filed a Petition ("Initial Petition") for a writ of habeas corpus pursuant to §2254 in this Court. By Order dated June 17, 1997 ("June 1997 Order"), Judge Thomas C. Platt denied Petitioner's Initial Petition based upon Petitioner's failure to exhaust administrative remedies. In or about January 1998, Petitioner filed his sixth motion ("Sixth § 440 Motion")[3] pursuant to New York Criminal Procedure Law § 440.10 ("§ 440.10") in the Supreme Court, Suffolk County (Mullen, J.), seeking an evidentiary hearing and attaching a copy of the June 1997 Order. By Decision and Order dated on or about February 10, 1998, Petitioner's Sixth § 440 Motion was denied. On or about July 2, 1998, the Appellate Division denied Petitioner's application for leave to appeal the denial of the Sixth § 440 Motion.

Petitioner filed a seventh motion ("Seventh § 440 Motion") pursuant to § 440 in the Supreme Court, Suffolk County (Gazzillo, J.) that was denied by Order dated May 4, 2001. On or about July 10, 2002, the Appellate Division denied Petitioner's application for leave to appeal the denial of the Seventh § 440 Motion. In or about August 2002, Petitioner filed the instant

---

[3] Petitioner's five previous motions filed pursuant to § 440 were denied on various grounds.

petition for a writ of habeas corpus pursuant to § 2254.

II. Discussion

   A. Motion to Reopen Prior Habeas Proceeding

It is unclear whether Petitioner is seeking to reopen the denial of the Initial Petition pursuant to Federal Rule of Civil Procedure 60(b) ("Rule 60(b)"), which provides for relief from a judgment or order and is available in habeas cases. See Gonzalez v. Crosby, 545 U.S. 524, 534, 125 S.Ct. 2641, 2649, 162 L.Ed.2d 480 (2005). "[R]elief under Rule 60(b) is available ... only when the Rule 60(b) motion attacks the integrity of the habeas proceeding and not the underlying criminal conviction." Harris v. United States, 367 F.3d 74, 77 (2d Cir. 2004). Where, as here, the petition "attacks the underlying conviction ... (i) the court may treat the Rule 60(b) motion as a second or successive habeas petition, in which case it should be transferred to [the Court of Appeals for the Second Circuit] for possible certification, or (ii) the court may simply deny the portion of the motion attacking the underlying conviction as beyond the scope of Rule 60(b)." Id. at 82 (citation and quotation marks omitted). Since the Initial Petition was dismissed for failure to exhaust administrative remedies, the instant Petition cannot be deemed a successive habeas petition, see Villanueva v. United States, 346 F.3d 55, 60 (2d Cir. 2003), thus, the relief sought would be "beyond the scope of Rule 60(b)." Harris, 367 F.3d at 82.

Furthermore, a Rule 60(b) motion would be untimely as the Initial Petition was denied in June 1997 and Petitioner did not file the instant Petition until approximately five (5) years later, in August 2002. See Yuk Chun Kwong v. United States, No. 01 Civ. 4307, 2006 WL 467956, at * 2 (E.D.N.Y. Feb. 27, 2006) (citing Fed. R. Civ. P. 60(b); Rodriguez v. Mitchell, 252 F.3d 191,

3

201 (2d Cir. 2001)).

B. Petition for Writ of Habeas Corpus

1. Legal Standard

The Anti-Terrorism and Effective Death Penalty Act ("AEDPA") governs applications of incarcerated state court defendants seeking federal habeas corpus relief. The AEDPA imposes a one-year statute of limitations on the filing of federal habeas petitions. 28 U.S.C. § 2244(d)(1). Pursuant to the AEDPA, the limitations period runs

> from the latest of-(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

However, the one-year statute of limitations period under the AEDPA may be statutorily tolled. Section 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). Although the "proper calculation of Section 2244(d)(2)'s tolling provision excludes time during which properly filed state relief applications are pending," the provision "does not reset the date from which the one-year statute of limitations begins to run." Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir. 2000).

4

2. Application

By Order dated March 13, 1989, the Appellate Division modified and otherwise affirmed Petitioner's conviction and leave to appeal to the Court of Appeals was denied on July 12, 1989.[4] Petitioner's Initial Petition seeking habeas corpus relief was filed in June 1995 and denied on June 17, 1997. In January 1998, Petitioner filed the Sixth § 440 Motion, which tolled the one-year statute of limitations period for filing a writ of habeas corpus during the pendency of the Sixth § 440 Motion. See 28 U.S.C. § 2244(d)(2). On February 10, 1998, the New York State Supreme Court denied Petitioner's Sixth § 440 Motion, and, on or about July 2, 1998, the Appellate Division denied Petitioner's § 440 Appeal, therefore, the statute of limitations was tolled during that period. Although it is unclear how much of the one-year statute of limitations period ran prior to the tolling of the statute during the pendency of the Sixth § 440 Motion, Petitioner had, at most, one year from July 2, 1998, or until July 1999, within which to file a petition for a writ of habeas corpus. Petitioner, however, did not file the instant motion until August 2002, almost three years after the latest date that the statute of limitations could have run. Petitioner also did not file the Seventh § 440 Motion until 2001, the filing of which did not revive or toll the already expired statute of limitations period. See Smith, 208 F.3d at 17.

Accordingly the Petition seeking a writ of habeas corpus pursuant to § 2254 is denied.

---

[4] Petitioner's conviction became final ninety (90) days from the date that leave to appeal the order of the Appellate Division to the Court of Appeals was denied. See Valverde v. Stinson 224 F.3d 129, 132 (2d Cir. 2000) (stating that "[defendant's conviction became final ... when the ninety-day period to seek direct review from the United States Supreme Court by way of certiorari expired") (citations omitted); see also 28 U.S.C. § 2101(d); Sup.Ct. R. 13.1; Williams v. Artuz, 237 F.3d 147, 151 (2d Cir. 2001).

II. Conclusion

The Petition for writ of habeas corpus is DENIED in its entirety and the proceeding is dismissed. Since petitioner has failed to make a substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. 28 U.S.C. § 2253; see also Miller-El v. Cockrell, 537 U.S. 322, 336, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003); Luciadore v. New York State Div. of Parole, 209 F.3d 107, 112 (2d Cir. 2000); Kellogg v. Strack, 269 F.3d 100, 102 (2d Cir. 2001). Petitioner has a right to seek a certificate of appealability from the Court of Appeals for the Second Circuit. See 28 U.S.C. § 2253. Based upon dismissal of the Petition, Petitioner's remaining applications are denied as moot. The Clerk of the Court is directed to close.

SO ORDERED.

_____
Sandra J. Feuerstein
United States District Judge

Dated: October 27, 2008
Central Islip, New York

Copies to:

Wendell Townsend, Sr.
86 A 2220
Wende Correctional Facility
3040 Wende Road
Box 1189
Alden, NY 14004-1187

Chris P. Termini
McCabe, Collins, McGeough & Fowler, LLP
114 Old Country Road
P.O. Box 855
Mineola, NY 11501

Gary Schoer
6800 Jericho Tpke.
Syosset, NY 11791

Guy Arcidiacono
Criminal Courts Building
200 Center Drive
Riverhead, New York 11901